## CLARK v. DURHAM.

NEW TRIAL—GREAT WEIGHT OF EVIDENCE.
In an action for services rendered, verdict in favor of plaintiffs *held*, not so against the great weight of the evidence as to require that it be set aside.[1]

Error to Muskegon; Vanderwerp (John), J.  Submitted June 12, 1925.  (Docket No. 29.)  Decided July 16, 1925.

Assumpsit by Fred W. Clark and Loren H. Webster, copartners as Clark & Webster, against Clarence J. Durham for services rendered.  Judgment for plaintiffs.  Defendant brings error.  Affirmed.

*Cross, Foote & Sessions,* for appellant.

*Willard J. Turner* and *John G. Turner,* for appellees.

SHARPE, J.  Plaintiffs bring this action to recover the amount due them on a contract entered into with defendant whereby they agreed to furnish the material

---

[1] New Trial, 29 Cyc. p. 824.

and do the painting and finishing of a store and apartment building in the city of Muskegon. They recovered judgment for $561.50. Defendant concedes a liability of $310.

The contract provided that plaintiffs should use a specified kind of varnish. As the work progressed, defendant discovered that plaintiffs were using a different kind. The controversy was settled by an agreement that defendant's agent should purchase the varnish, and that it should be charged to plaintiffs. This was done. The work, when finished, was accepted by defendant; $251.50 worth of the varnish furnished had not been used. The parties differed as to whom it belonged. Finally, the company from whom it was purchased agreed to accept its return and refund the amount paid for it. Defendant insists that plaintiffs agreed to return it, while plaintiffs contend that the burden of doing so rested on defendant. The dispute in this respect was submitted to the jury in a charge of which no complaint is made. They found for the plaintiffs. Defendant's motion for a new trial, for the reason that the verdict was "contrary to the great and overwhelming weight of the evidence," was denied. The only assignment of error is the denial of such motion.

Defendant, his architect, Mr. Allen, and his agent in charge of the work, Mr. Buck, testified that plaintiffs agreed to return the varnish. This was denied by both of the plaintiffs. The trial court saw the witnesses, and heard them testify. It will serve no useful purpose to review the evidence. It does not disclose such a preponderance in favor of defendant's claim as required the trial court to set the verdict aside or as justifies us in doing so.

The judgment is affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.